UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON GONZALEZ and FRANCISCO RAMOS, individually and on behalf of all other persons similarly situated who were employed by COMPARE FOODS d/b/a COMPARE FOODS SUPERMARKETS,<br><br>Plaintiffs,<br><br>-against-<br><br>IRVING FOOD CORP.; 120 NORTH MAIN STREET MEAT CORP.; 1550 BAYSHORE CORP.; 725 COMMACK MEAT CORP.; and other related entities doing business as COMPARE FOODS SUPERMARKETS,<br><br>Defendant. | **FLSA COLLECTIVE COMPLAINT**<br><br>Index No.: 16-cv-7255 |

Plaintiffs RAMON GONZALEZ and FRANCISCO RAMOS (the "Named Plaintiffs") individually and on behalf of all other persons similarly situated who were employed by IRVING FOOD CORP.; 120 NORTH MAIN STREET MEAT CORP.; 1550 BAYSHORE CORP.; 725 COMMACK MEAT CORP.; and other related entities doing business as COMPARE FOODS SUPERMARKETS, (collectively "Plaintiffs") by their Attorneys, Virginia & Ambinder, LLP, alleges as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law ("NYLL") § 190 *et seq.*; Article 19 §§ 633, 652 *et seq.*; and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.1 and 142-2.2 to recover unpaid minimum wages and overtime compensation owed to the Named Plaintiffs and members of the putative class for work they performed for IRVING FOOD CORP.; 120 NORTH MAIN STREET MEAT CORP.; 1550 BAYSHORE CORP.; 725 COMMACK MEAT CORP.;

and other related entities doing business as COMPARE FOODS SUPERMARKETS, (hereinafter "Defendants" or "Compare Foods").

2. Defendants operate a supermarket chain known as COMPARE FOODS SUPERMARKETS.

3. Beginning in approximately September 2010 and, upon information and belief, continuing through the present, Defendants engaged in a policy and practice of failing to pay the Named Plaintiffs and members of the putative collective minimum wage compensation as required by applicable state and federal law.

4. Beginning in approximately September 2010 and, upon information and belief, continuing through the present, Defendants engaged in a policy and practice of requiring the Named Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

5. The Named Plaintiffs have initiated this action on behalf of themselves and members of the putative collective and class, seeking to recover earned but unpaid compensation, specifically unpaid minimum wages and overtime compensation, plus interest, damages, attorneys' fees, and costs.

**JURISDICTION**

6. This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 USC § 216(b) and 28 U.S.C. §§ 1331.

**VENUE**

9. Venue in the Southern District of New York is appropriate under 28 U.S.C. § 1391, as this action is brought in a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

**THE PARTIES**

7. Plaintiff Ramon Gonzalez is an individual who resides in the State of New York who formerly worked for Defendants in their Port Chester, New York location, in the supermarket deli, assisting customers, and performing other supermarket related tasks from approximately January 2015 through December 28, 2015.

8. Plaintiff Francisco Ramos is an individual who resides in the State of New York who formerly worked for Defendants in their Port Chester, New York location, in the deli, delivery, and customer service roles, performing supermarket related tasks from approximately March 2015 to April 2016.

9. Upon information and belief, Defendant IRVING FOOD CORP. is a domestic business corporation organized and existing under the laws of the State of New York with a principal place of business located at 155 Irving Avenue, Port Chester, New York 10573, and is part of the single integrated enterprise of Compare Foods Supermarkets.

10. Upon information and belief, Defendant 120 NORTH MAIN STREET MEAT CORP. is a domestic business corporation organized and existing under the laws of the State of New York with a principal place of business located at 120 North Main Street, Freeport, New York 11520, and is part of the single integrated enterprise of Compare Foods Supermarkets.

11. Upon information and belief, Defendant 725 COMMACK MEAT CORP. is a domestic business corporation organized and existing under the laws of the State of New York with a principal place of business located at 725 Commack Road, Brentwood, New York 11717, and is part of the single integrated enterprise of Compare Foods Supermarkets.

12. Upon information and belief, Compare Foods Supermarkets is a single integrated enterprise engaged in the supermarket chain business, and with several locations in New York, Connecticut, North Carolina, Rhode Island, Massachusetts and South Carolina, including, but not

limited to 155 Irving Avenue, Portchester, NY 10573; 120 North Main Street, Freeport, New York 11520; 725 Commack Road, Brentwood, New York 11717; 111 W. Merrick Road, Freeport, NY 11520; 1305 Myrtle Avenue, Brooklyn, NY, 11221; 1819 Fifth Avenue, Bayshore, NY 11706; 120 N. Main Street, Freeport, NY 11520; 159-04 Harlem River Drive, NY 10039; 1819 Fifth Ave, Bayshore, NY 11706; 1050 E. Main Street, Bridgeport, CT 06608; 161 Jefferson Street, Passaic, NJ 07055; 1000 N. Miami Blvd., Durham, NC, 27703; 2000 Avondale Drive, Durham, NC 27704; 201 W. Arrowood Road, Charlotte, NC 28217; 1040 Summit Blvd, Greensboro, NC 27405; 1141 E. Andrews Ave, Henderson, NC 27536; 550 Hartford Avenue, Providence, RI 02909; and 3015 Waughtown Street, Winston-Salem, NC 27107.

## **FLSA COLLECTIVE AND CLASS ALLEGATIONS**

13. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

14. This action is brought on behalf of the Named Plaintiffs and a collective and class consisting of similarly situated employees who performed work for Defendant as supermarket employees to recover unpaid minimum wages and overtime compensation.

15. The Named Plaintiffs and members of the putative class and collective are all victims of the Defendant's common policy and/or plan to violate the FLSA by (1) failing to pay all earned minimum wages; and (2) failing to provide overtime wages, at a rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

16. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 200 people.

17. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether the Defendant failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; (2) whether Defendants paid minimum wages for all hours worked; and (3) whether Defendant kept adequate and proper records

18. The claims of the Named Plaintiffs are typical of the claims of the putative collective. The Named Plaintiffs and putastive collective members were all subject to Defendant's policies and willful practices of failing to pay employees all earned minimum wages and overtime wages. The Named Plaintiffs and putative collective members thus have sustained similar injuries as a result of the Defendant's actions.

19. Upon information and belief, Defendant uniformly applied the same employment policies, practices, and procedures to all employees who worked at the Defendant integrated economic enterprise Compare Foods Supermarkets.

20. The Named Plaintiff and their counsel will fairly and adequately protect the interests of the putative collective. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

21. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative collective lack the financial resources to adequately prosecute separate lawsuits against Defendant. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation. Finally, a collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

**FACTS**

22. Named Plaintiff Ramon Gonzalez worked as an employee of Defendants at the 155 Irving Avenue, Port Chester, NY 10573 location from approximately January 2015 to December 28, 2015. Named Plaintiff Ramon Gonzalez performed work in the supermarket deli, as well as with assisting customers and performing other supermarket related tasks.

23. Named Plaintiff Francisco Ramos worked as an employee of Defendants at the 155 Irving Avenue, Port Chester, NY 10573 location from approximately March 2015 to April 2016. Named Plaintiff Ramos performed work in the supermarket deli, as a delivery person, and in customer service.

24. Gonzalez regularly worked from approximately 12:00 p.m. to 9:00 p.m. with a one (1) hour lunch break, six (6) days per week. Ramos worked from 10:00 a.m. to 8:00 p.m. with a one (1) hour lunch break, six days per week, for the first three months of his employment; after that, Ramos worked from 10:00 a.m. to 10:00 p.m. with a one (1) hour lunch break, six days per week, for the remainder of his employment.

25. Gonzalez earned approximately $400.00 per week, in cash, regardless of the amount of hours worked. Ramos received approximately $300.00 per week, in cash, regardless of the amount of hours worked. Ramos additionally received approximately $25.00 per week in tips.

26. Upon information and belief, Defendants IRVING FOOD CORP.; 120 NORTH MAIN STREET MEAT CORP.; 1550 BAYSHORE CORP.; 725 COMMACK MEAT CORP., and other related corporate entities which operated individual Compare Foods Supermarkets locations constitute a single integrated enterprise which jointly employed Plaintiffs and other members of the putative class.

27. Upon information and belief, Compare Foods Supermarkets shares common ownership, common management, interrelated operations, and common control over hiring, firing, and wage payment practices.

28. Upon information and belief, Compare Foods Supermarkets acts as a single integrated enterprise, including the individually named corporate defendants and other related corporations.

29. Upon information and belief, the individually named corporate defendants and other related corporations, and Compare Foods Supermarkets as a single integrated enterprise, constitute joint employers.

30. Defendants did not pay the Named Plaintiffs and members of the putative collective and class minimum wages for all hours worked.

31. Defendant did not pay the Named Plaintiff and the members of the putative collective any overtime wages, at the rate of one and one half times the regular rate of pay, for hours worked after the first forty (40) hours in any given week.

32. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Defendant Compare Foods Supermarkets constitutes an "enterprise engaged in commerce."

33. Upon information and belief, Defendant's gross yearly revenues is in excess of $500,000.00.

### FIRST CAUSE OF ACTION:
### FLSA – MINIMUM WAGE COMPENSATION

34. Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs.

35. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) **$**7.25 an hour, beginning 24 months after that 60th day."

36. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

37. Named Plaintiffs and other members of the putative collective are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

38. Defendant Compare Foods Supermarkets, and each of the individually named Corporate Defendants, constitutes an "employer", within the meaning contemplated in the FLSA, 29 U.S.C. § 203, and, consequently, are liable for violations of FLSA.

39. Defendants failed to pay the Named Plaintiffs, and upon information and belief, other members of the putative collective and class minimum wages, at the minimum hourly rates required under 29 U.S.C. § 206, for each hour worked in a given week.

40. The failure of Defendants to pay the Named Plaintiffs and other members of the putative collective and class their rightfully owed wages and overtime compensation was willful.

41. By the foregoing reasons, Defendant is liable to the Named Plaintiff and other members of the putative collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, and attorney's' fees, and costs.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS
## FLSA OVERTIME COMPENSATION

42. Plaintiff repeat and reallege the allegations set forth in all preceding paragraphs.

43. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

44. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

45. Named Plaintiffs and other members of the putative collective are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

46. Defendant Compare Foods Supermarkets, and each of the individually named Corporate Defendants, constitutes an "employer", within the meaning contemplated in the FLSA, 29 U.S.C. § 203, and, consequently, are liable for violations of FLSA.

47. Defendant failed to pay the Named Plaintiff, and upon information and belief, other members of the putative collective overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

48. The failure of Defendants to pay the Named Plaintiffs and other members of the

putative collective and class their rightfully owed wages and overtime compensation was willful.

49. By the foregoing reasons, Defendant is liable to the Named Plaintiff and other members of the putative collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, and attorney's' fees, and costs.

## THIRD CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION

50. Named Plaintiff repeats and re-alleges the allegations set forth in all preceding paragraphs.

51. Title 12 NYCRR §142-2.2 requires that "[A]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

52. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

53. Defendants Compare Foods Supermarkets, the single integrated enterprise, along with each of the individually named corporate defendants constitutes an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

54. Named Plaintiffs and other members of the putative collective are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

55. Named Plaintiffs and other members of the putative collective, worked more than

forty hours a week while working for Defendants.

56. Named Plaintiffs and other members of the putative collective did not receive overtime compensation for all hours worked after the first forty hours in any given week.

57. Defendants' failure to pay overtime compensation to the Named Plaintiff and other members of the putative collective was willful.

58. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Named Plaintiffs and other members of the putative collective in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANTS**
**NEW YORK MINIMUM WAGE COMPENSATION**

59. Plaintiffs repeats and realleges the allegations set forth in all preceding paragraphs.

60. Title 12 NYCRR § 142-2.1 states that, "[t]he basic minimum hourly rate shall be: (a) The basic minimum hourly wage rate shall be: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or its successors."

61. NYLL § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

62. Pursuant to NYLL § 651, the term "employer" includes "any individual,

partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

63. Pursuant to NYLL §§ 190, *et seq*. and 650, *et seq.*, Defendants are an "employer."

64. Pursuant to NYLL § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

65. As persons employed for hire by Defendants, Named Plaintiff and the members of putative collective are "employees," as understood in NYLL § 651.

66. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendant and protect Plaintiffs.

67. Defendants violated NYLL § 650 *et seq.* and 12 NYCRR § 142-2.1 by failing to pay minimum wages for all hours worked in any given week.

68. The failure of Defendants to pay the Named Plaintiff and other members of the putative collective their rightfully owed wages was willful.

69. By the foregoing reasons, Defendant is liable to he Named Plaintiffs and the putative collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs demands judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

  (3) on their third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the appropriate terms of the New York Labor Law and its implementing regulations, plus interest, attorneys' fees, and costs;

  (4) on their fourth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the appropriate terms of the New York Labor Law and its implementing regulations, plus interest, attorneys' fees, and costs; and

  (5) any other and further relief the Court may deem appropriate.

Dated: New York, New York
    September 16, 2016

          VIRGINIA & AMBINDER, LLP

          By: James E. Murphy, Esq.
          James E. Murphy, Esq.
          Michele Moreno, Esq.
          40 Broad Street, 7th Floor
          New York, New York 10004
          (212) 943-9080

          *Attorney for the Named Plaintiff and the Putative Collective and Class*