UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON GONZALEZ and FRANCISCO RAMOS,
individually and on behalf of all other persons
similarly situated who were employed by
COMPARE FOODS d/b/a COMPARE FOODS
SUPERMARKETS,

16 Civ. 7255

Plaintiffs,

-against-

IRVING FOOD CORP, and other related entities
doing business as COMPARE FOODS
SUPERMARKETS,

Defendants.

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement ("Agreement") is entered into by the undersigned counsel for RAMON GONZALEZ and FRANCISCO RAMOS and their respective heirs, executors, administrators, successors and assigns ("Plaintiffs") and IRVING FOOD CORP ("Defendant" or "Irving Food Corp."). Plaintiffs and Defendant are hereinafter collectively referred to as the "Parties."

A.      **WHEREAS**, Plaintiffs have alleged claims under the Fair Labor Standards Act of 1938, and state labor claims pursuant to New York State Labor Law §§190 et seq. and 650 et seq.in action pending in the United States District Court for the Southern District of New York, *Gonzalez et al. v. Irving Food Corp. et al.;*. Docket No. 16-cv-07255-VB (the "Action"); and

B.      **WHEREAS**, Defendant denies all of the material allegations asserted by Plaintiffs and deny and continue to deny that they violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiffs; and; and

C.    **WHEREAS**, Defendant and Plaintiffs wish to avoid the uncertainties and expenses of the proceedings in this matter; and,

D.    In light of the foregoing, Defendant is willing to enter into this Agreement with Plaintiffs and to provide Plaintiffs with the consideration specified in Paragraph 1, below, in exchange for Plaintiffs' promises set forth in this Agreement.

Based upon the foregoing promises and the consideration to be provided to Plaintiff and the other promises set forth below, Plaintiffs and Defendant, intending to be legally bound, agree as follows:

## <u>TERMS OF SETTLEMENT</u>

### 1.  <u>Settlement Amount</u>

In consideration of this Agreement and Release and withdrawal with prejudice of the Action as against Defendant, and in compliance with the promises, covenant, conditions and agreements made herein, Defendant agrees to pay a total gross sum of thirty thousand dollars ($30,000.00) (the "Settlement Amount"), to be allocated as follows:

1.  For Ramon Gonzales in the total amount of $2,068.79.

2.  For Francisco Ramos in the total amount of $17,931.21.

3.  For attorneys' fees and expenses in the total amount of $10,000.00.

4.  The foregoing payments shall be delivered to Plaintiffs' attorneys, Virginia & Ambinder, LLP located at 40 Broad Street, New York, NY 10004, in accordance with the following payment schedule:

    a.  $10,000.00 within thirty (30) days after Court approval of the Settlement Agreement and Release; by check payable to "Ramon Gonzalez" in the amount of $2,068.79 and to "Francisco Ramos" in the amount of $7,931.21;

b.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

c.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

d.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

e.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

f.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

g.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

h.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

i. $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

j. $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

k. $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

l. $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

m. $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

n. $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

o. $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

p.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

q.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

r.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

s.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

t.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

u.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

v.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

w.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66;

x.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66; and;

y.  $833.33 thirty (30) days thereafter: by check payable to "Francisco Ramos" in the amount of $416.67 and to "Virginia and Ambinder LLP" in the amount of $416.66.

5.   The Plaintiffs understand that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by Defendant or withheld by Defendant on account of or from the Settlement Amount, with the sole exception of the legally required tax withholdings made by Defendant from those portions of the Settlement Amount that are classified herein as wages.  The Plaintiffs acknowledge that the Defendant and its counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiffs further acknowledge that they have not relied upon any advice or representation by the Defendant or its attorneys as to the necessity for withholding from or the taxability of such amounts.  The Plaintiffs shall be solely responsible for any and all taxes which may be due as a result of their receipt of all of the money paid by Defendant pursuant to this Agreement, with the sole exception of the legally required withholdings made from that portion of the Settlement Amount that is classified herein as wages. The Plaintiffs further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by the

Defendant or by the Plaintiffs, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiffs pursuant to this Agreement, and the Plaintiffs agree to fully indemnify and hold the Defendants harmless against any such liability.

## 2. Release

In return for the consideration described above, Plaintiffs, voluntarily and irrevocably, release and forever discharge Defendant, Ramon Torres, President of Irving Food Corp., and any shareholders, managers, supervisors, and anyone else acting in the interest of Irving Food Corp. of and from any wage and hour claims which they have or may have against Defendant as of the date of Plaintiffs' execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, all claims arising under or concerning: The Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Article 6 or Sections 190-198 of New York Labor Law, The Lily Ledbetter Fair Pay Act, the Equal Pay Act and any similar federal law or law of any state or locality; whether as an employee or independent contractor; any costs, damages, interest, liquidated damages or attorneys' fees relating to any such alleged violation; allegedly unpaid wages, salary, or overtime compensation; employee classification; exempt classification; "at-will" classification; or any other asserted basis for additional remuneration or other rewards, based upon any conduct occurring up to and including the date of Plaintiffs' execution of this Agreement. This release does not affect any claims arising out of alleged acts occurring after the effective date of this Agreement.

## 3. No Lawsuits or Claims

Plaintiffs promise and agree not to institute, initiate or to have instituted or initiated on their behalf individually, jointly or collectively any lawsuit or claim against Defendant with respect to any alleged wage and hour claims occurring before the effective date of this Agreement. Plaintiffs

agree that with respect to the claims they are waiving, they are waiving not only their right to recover money or other relief in any action that he might institute but also that they are waiving their right to recover money or other relief in any action that might be brought on his behalf by any other person or entity, including, but not limited to, the United States Equal Employment Opportunity Commission ("EEOC"),the United States Department of Labor, the New York State Division of Human Rights, the New York City Commission On Human Rights, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court.

### 4.   Failure to Make Payment

If Defendant fails to make a payment required under this Agreement within the specified schedule above, Plaintiffs' counsel shall notify Defendant's counsel, Stephen Hans, Esq from Stephen D. Hans & Associates, P.C., in writing by either mail, facsimile or electronic mail of the deficiency. Upon receipt of the notice, Defendant shall have ten (10) business days to cure the deficiency. In the event Defendant fails to cure said deficiency within ten (10) business days from receiving notice of the default, the entire unpaid balance of the Settlement Amount shall become accelerated and immediately due, less any amounts paid by Defendant.

The Plaintiffs shall be permitted, without any further notice, to file a civil action to recover the entire unpaid portion of the Settlement Agreement plus interest, costs and fees incurred in connection with enforcing the terms and conditions of this Settlement Agreement, plus liquidated damages in the amount of $10,000, costs, interest and reasonable attorneys' fees associated with enforcement. Interest shall be assessed at a rate of 9% per annum on all unpaid portions of the settlement agreement.

### 5.   Non-admission of Wrongdoing

The Parties agree that this Agreement is entered into as a settlement and compromise of vigorously disputed claims. Defendant wholly denies any liability. Accordingly, the Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at anytime for any purpose as an admission by Defendant of any liability or unlawful conduct of any kind.

**6.  Additional Representations**

By signing this Agreement, Plaintiff further acknowledges and agrees that:

(a)    Plaintiffs have consulted with an attorney before executing this Agreement;

(b)    Plaintiffs have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(c)    The only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to Plaintiffs by any person or entity whatsoever to cause Plaintiffs to sign this Agreement.

**7.  Entire Agreement**

This Agreement contains the entire understanding between the parties, and neither is relying upon any representations or statements, written or oral, made by or on behalf of any party, which is not set forth herein.

**8.  Waiver and Modification**

This Agreement, including this paragraph, may not be altered except by a writing signed by all parties. It may not be modified orally. This Agreement supersedes all prior agreements between the parties.  No provision hereof may be waived unless in writing and signed by counsel for the parties.

9. **Severability Clause**

If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the parties, as determined from the fact of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision.

Notwithstanding anything contrary above, it is intended that all of the Parties must agree to this Agreement, as a condition of any of the terms hereof becoming effective.

10. **Counterparts**

This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. It is also agreed that that facsimile copies of this Agreement shall be deemed as original.

11. **Governing Law**

This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York without regard to New York's conflict of law provisions.

**IN WITNESS THEREOF,** the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

By signing this Agreement below, the parties indicated hereunder agree to and accept the provisions contained herein.

**IRVING FOOD CORP.**

By: _Ramon Torres_                    Date: _4/11/18_
    Ramon Torres, President

**RAMON GONZALES**

_Ramon A Gonzalez_                    Date _4-2-18_
Ramon Gonzales

**FRANCISCO RAMOS**

_FRRamos_                    Date _3/29/18_
Francisco Ramos

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON GONZALEZ and FRANCISCO RAMOS, individually and on behalf of all other persons similarly situated who were employed by COMPARE FOODS d/b/a COMPARE FOODS SUPERMARKETS, | 16 Civ. 7255 |
| | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| Plaintiffs, | |
| -against- | |
| IRVING FOOD CORP, and other related entities doing business as COMPARE FOODS SUPERMARKETS, | |
| Defendants. | |

STATE OF NEW YORK )
                        ) ss.:
COUNTY OF Queens )

_RAmon Torres_ being duly sworn, deposes and says:

1.     I am a principal of Defendant Irving Food Corp. d/b/a Compare Foods Supermarket.

2.     I hereby confess judgment herein and authorize entry thereof against myself in the amount of $30,000.00 subject to the terms and conditions set forth in the Settlement Agreement to which this Affidavit is annexed.

3.     This confession of judgment is for a debt justly due to Plaintiffs Ramon Gonzalez and Francisco Ramos arising from the following facts:  Plaintiffs Gonzalez and Ramos commenced an action in the Southern District of New York, Docket No. 16-cv-7255, alleging underpayment for certain unpaid wages. Plaintiffs and Defendant Irving Food Corp. entered into a Settlement Agreement whereby Defendant will pay Plaintiffs $30,000.00, in accordance with the schedule set forth in the Settlement Agreement, in consideration for dismissal of Plaintiffs' wage action with prejudice.  The Settlement Agreement provides that in the event of an uncured default as defined therein, Defendant will be liable for the settlement amount of $30,000.00 less any amounts paid pursuant to the Settlement Agreement, plus liquidated damages in an amount of $5,000.00.

4.     This Affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement, to which this Affidavit is annexed.

5.      I waive any and all claims or defenses that I may have to the validity or enforceability of this Affidavit and its entry against myself in the Supreme Court of the State of New York, New York County or in the Southern District of New York.

By: _Ramon Torres_____

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF _Queens_       )

On April _2nd_, 2018, before me personally came _Ramon Torres_ to me known, who, by me duly sworn, did depose and say that deponent is _President,_ and which executed the foregoing Affidavit of Confession of Judgment on behalf of himself.

_____
Notary Public

NATHANIELE C ALEXANDRE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AL6199003
Qualified In Kings County
My Commission Expires March 14, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON GONZALEZ and FRANCISCO RAMOS,
individually and on behalf of all other persons
similarly situated who were employed by
COMPARE FOODS d/b/a COMPARE FOODS
SUPERMARKETS,

16 Civ. 7255

Plaintiffs,

**AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

-against-

IRVING FOOD CORP, and other related entities
doing business as COMPARE FOODS
SUPERMARKETS,

Defendants.

STATE OF NEW YORK      )
                        ) ss.:
COUNTY OF _Queens_      )

_Ramon Torres_ , being duly sworn, deposes and says:

6.      I am a principal of Defendant Irving Food Corp. d/b/a Compare Foods
Supermarket.

7.      I hereby confess judgment herein on behalf of Irving Food Corp. and authorize
entry thereof against Irving Food Corp. in the amount of $30,000.00 subject to the terms and
conditions set forth in the Settlement Agreement.

8.      This confession of judgment is for a debt justly due to Plaintiffs Ramon Gonzalez
and Francisco Ramos arising from the following facts: Plaintiffs Gonzalez and Ramos commenced
an action in the Southern District of New York, Docket No. 16-cv-7255, alleging underpayment
for certain unpaid wages. Plaintiffs and Defendant Irving Food Corp. entered into a Settlement
Agreement whereby Defendant will pay Plaintiffs $30,000.00, in accordance with the schedule set
forth in the Settlement Agreement, in consideration for dismissal of Plaintiffs' wage action with
prejudice. The Settlement Agreement provides that in the event of an uncured default as defined
therein, Defendant will be liable for the settlement amount of $30,000.00 less any amounts paid
pursuant to the Settlement Agreement, plus liquidated damages in an amount of $10,000.00.

9.      This Affidavit is made upon good and valuable consideration, the sufficiency of
which I acknowledge, including, without limitation, the terms and provisions of the Settlement
Agreement, to which this Affidavit is annexed.

10.    I waive any and all claims or defenses that I or Defendant Irving Food Corp. may have to the validity or enforceability of this Affidavit and its entry against Irving Food Corp. in the Supreme Court of the State of New York or the Southern District of New York.


By: _____
Ramon Torres, President


STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF Queens      )


On April 2nd, 2018, before me personally came Ramon Torres to me known, who, by me duly sworn, did depose and say that deponent is the principal of Irving Food Corp., described herein, and which executed the foregoing Affidavit of Confession of Judgment on behalf of Irving Food Corp., _____ being authorized to do so.

_____
Notary Public

NATHANIELE C ALEXANDRE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01AL6199003
Qualified in Kings County
My Commission Expires March 14, 2021